UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br>175 Berkeley Street<br>Boston, Massachusetts 02117,<br><br>THE FIRST LIBERTY INSURANCE CORPORATION,<br>175 Berkeley Street<br>Boston, Massachusetts 02117,<br><br>LIBERTY INSURANCE CORPORATION,<br>175 Berkeley Street<br>Boston, Massachusetts 02117,<br><br>       Plaintiff,<br><br>  v.<br><br>BRIGHTLINE CONSTRUCTION, INC.,<br>550 State Road, Suite 100<br>Bensalem, Pennsylvania 19020,<br><br>       Defendant. | Civil Action No. |

## COMPLAINT

Plaintiffs Liberty Mutual Fire Insurance Company ("LM Fire"), The First Liberty Insurance Corporation ("First Liberty"), and Liberty Insurance Corporation ("LIC") (collectively ("LM"), by and through their counsel, Goldberg Segalla LLP, file this Complaint against Defendant Brightline Construction, Inc. ("Brightline"), and alleges the following:

## THE PARTIES

1. LM Fire is an insurance company organized under the laws of the State of Wisconsin with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117.

2. First Liberty is an insurance company organized under the laws of the State of Illinois with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117.

3. LIC is an insurance company organized under the laws of the State of Illinois with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117.

4. Upon information and belief, Brightline is a business corporation formed under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 5550 State Road, Suite 200, Bensalem, Pennsylvania.

## JURISDICTION AND VENUE

5. This is a civil action wherein jurisdiction is founded on diversity of citizenship.

6. The amount in controversy for the claims asserted by LM Fire and First Liberty is in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs and interest, as specified in 28 U.S.C. § 1332(a)(1).

7. This court has supplemental jurisdiction over the claims asserted by LIC pursuant to 28 U.S.C. § 1367 as they arise from the same transactions as the claims asserted by LM Fire and First Liberty.

8. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district including, but not limited to, LM's issuance of an insurance package consisting of multiple insurance policies to Brightline and Brightline's failure to pay premiums due and owing to LM.

## FACTS

9. This dispute arises out of the non-payment of premium payments by Brightline due for a package of insurance consisting of four different insurance policies for the policy year of January 31, 2024 through January 31, 2025.

10. LM Fire issued a Business Automobile policy to Brightline under policy number AS2-XXX-XXXXXX-034[1] effective January 31, 2024 through January 31, 2025 ("Auto Policy").

11. LM Fire issued a Commercial General Liability insurance policy to Brightline under policy number TB2-XXXXXX-024[2] effective January 31, 2024 through January 31, 2025 ("CGL Policy").

12. First Liberty issued a Worker's Compensation and Employers Liability insurance policy to Brightline under policy number WC6-XXXXXX-014[3] effective January 31, 2024 through January 31, 2025 ("Comp Policy").

13. LIC issued an Umbrella insurance policy to Brightline under policy number TH7-XXXXXX-044[4] effective January 31, 2024 through January 31, 2025 ("Umbrella Policy").

14. The Auto Policy, CGL Policy, Comp. Policy, and Umbrella Policy are collectively referred to as the "Policies."

15. The Policies were solicited, sold, and billed together as an insurance package for Brightline.

16. The Umbrella Policy is excess insurance to the Auto Policy, the CGL Policy, and the Comp Policy.

17. Installment payments were due on November 12, 2024, December 10, 2024, and January 10, 2025, for each of the Policies.

---

[1] The complete Policy number has been redacted as same may constitute personally identifying information and/or protected personal information.

[2] The complete Policy number has been redacted as same may constitute personally identifying information and/or protected personal information.

[3] The complete Policy number has been redacted as same may constitute personally identifying information and/or protected personal information.

[4] The complete Policy number has been redacted as same may constitute personally identifying information and/or protected personal information.

18. Brightline failed to make the installment payments that were due on November 12, 2024, December 10, 2024, and January 10, 2025, for each of the Policies.

19. The Policies were subject to audit to determine the premium due after the expiration of the policy period.

20. For LM to complete the audits of the Policies, Brightline was required to provide various information and documents.

21. Brightline failed to respond to LM's requests for information and did not cooperate in the audit process.

22. As a result of Brightline's failure to cooperate with the audit process, LM had to estimate the premium due and owing on the Policies.

23. On September 22, 2025, LM issued an invoice to Brightline for all premium due and owing for the four policies totaling $848,802.32.[5]

24. All of the Plaintiffs' claims arise out of the same transaction.

25. To date, Brightline has not paid the premium due and owing on the Policies.

**COUNT I – BREACH OF CONTRACT**

**(LM FIRE v. BRIGHTLINE)**

26. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

27. LM Fire performed its duties under the Auto Policy by providing insurance coverage to Brightline.

---

[5] The amount due for the Auto Policy is $90,118,11. The amount due for the CGL Policy is $219,753.05. The amount due for the Workers Comp policy is $505,308.62. The amount due for the Umbrella Policy is $33,646.74.

28. Brightline failed and refused to comply with its audit responsibility with regard to the Auto Policy.

29. Brightline failed to pay the final three premium installment payments and the estimated final audited premium amount.

30. Brightline's failure to comply with its audit responsibilities constitutes a breach of the Auto Policy.

31. Brightline's failure to make the premium payments for the Auto Policy constitutes a breach of the Auto Policy.

32. LM Fire has been damaged by Brightline's breaches of the Auto Policy.

**WHEREFORE,** Plaintiff LM Fire demands judgment against First Liberty as follows:

    a. For compensatory damages (premium) and interest;

    b. For costs of suit; and

    c. For such other and further relief as to the Court may seem just and proper.

## COUNT II – BREACH OF CONTRACT
## (LM FIRE v. BRIGHTLINE)

33. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

34. LM Fire performed its duties under the CGL Policy by providing insurance coverage to Brightline.

35. Brightline failed and refused to comply with its audit responsibility with regard to the CGL Policy.

36. Brightline failed to pay the final three premium installment payments and the estimated final audited premium amount.

37. Brightline's failure to comply with its audit responsibilities constitutes a breach of the CGL Policy.

38. Brightline's failure to make the premium payments for the CGL Policy constitutes a breach of the CGL Policy.

39. LM Fire has been damaged by Brightline's breaches of the CGL Policy.

**WHEREFORE,** Plaintiff LM Fire demands judgment against Brightline as follows:

a. For compensatory damages (premium) and interest;

b. For costs of suit; and

c. For such other and further relief as to the Court may seem just and proper.

## COUNT III – BREACH OF CONTRACT
## (FIRST LIBERTY v. BRIGHTLINE)

40. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

41. First Liberty performed its duties under the Comp Policy by providing insurance coverage to Brightline.

42. Brightline failed and refused to comply with its audit responsibility with regard to the Comp Policy.

43. Brightline failed to pay the final three premium installment payments and the estimated final audited premium amount.

44. Brightline's failure to comply with its audit responsibilities constitutes a breach of the Comp Policy.

45. Brightline's failure to make the premium payments for the Comp Policy constitutes a breach of the Comp Policy.

46. First Liberty has been damaged by Brightline's breaches of the Comp Policy.

**WHEREFORE,** Plaintiff First Liberty demands judgment against Brightline as follows:

    a. For compensatory damages (premium) and interest;

    b. For costs of suit; and

    c. For such other and further relief as to the Court may seem just and proper.

## COUNT IV – BREACH OF CONTRACT

### (LIC v. BRIGHTLINE)

47. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

48. LIC performed its duties under the Umbrella Policy by providing insurance coverage to Brightline.

49. Brightline failed and refused to comply with its audit responsibility with regard to the Umbrella Policy.

50. Brightline failed to pay the final three premium installment payments.

51. Brightline's failure to comply with its audit responsibilities constitutes a breach of the Umbrella Policy.

52. Brightline's failure to make the premium payments for the Umbrella Policy constitutes a breach of the Umbrella Policy.

53. LIC has been damaged by Brightline's breaches of the Umbrella Policy.

**WHEREFORE,** Plaintiff First Liberty demands judgment against Brightline as follows:

    a. For compensatory damages (premium) and interest;

    b. For costs of suit; and

    c. For such other and further relief as to the Court may seem just and proper.

## COUNT V – UNJUST ENRICHMENT

### (LM FIRE v. BRIGHTLINE)

54. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

55. LM Fire sues Brightline, in the alternative, for unjust enrichment.

56. LM Fire provided Business Automobile insurance coverage to Brightline from January 31, 2024 through January 31, 2025.

57. During the Policy period, Brightline enjoyed the benefit of the insurance coverage LM Fire provided without fairly compensating LM Fire for that insurance coverage.

58. It would be unjust for Brightline to retain the value of the insurance coverage LM Fire provided and for which Brightline did not fully pay LM Fire.

59. By receiving the value of the insurance coverage without paying the corresponding premium for such coverage, Brightline has been unjustly enriched at LM Fire's expense.

60. LM Fire has been damaged in an amount corresponding to that amount by which Brightline has been unjustly enriched.

**WHEREFORE**, Plaintiff LM Fire demands judgment against Brightline as follows:

    a. For compensatory damages (premium) and interest;

    b. For costs of suit; and

    c. For such other and further relief as to the Court may seem just and proper.

## COUNT VI – UNJUST ENRICHMENT

### (LM FIRE v. BRIGHTLINE)

61. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

62. LM Fire sues Brightline, in the alternative, for unjust enrichment.

63. LM Fire provided Commercial General Liability insurance coverage to Brightline from January 31, 2024 through January 31, 2025.

64. During the Policy period, Brightline enjoyed the benefit of the insurance coverage LM Fire provided without fairly compensating LM Fire for that insurance coverage.

65. It would be unjust for Brightline to retain the value of the insurance coverage LM Fire provided and for which Brightline did not fully pay LM Fire.

66. By receiving the value of the insurance coverage without paying the corresponding premium for such coverage, Brightline has been unjustly enriched at LM Fire's expense.

67. LM Fire has been damaged in an amount corresponding to that amount by which Brightline has been unjustly enriched.

**WHEREFORE**, Plaintiff LM Fire demands judgment against Brightline as follows:

    a. For compensatory damages (premium) and interest;

    b. For costs of suit; and

    c. for such other and further relief as to the Court may seem just and proper.

## COUNT VII – UNJUST ENRICHMENT
### (FIRST LIBERTY v. BRIGHTLINE)

68. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

69. First Liberty sues Brightline, in the alternative, for unjust enrichment.

70. First Liberty provided Worker's Compensation insurance coverage to Brightline from January 31, 2024 through January 31, 2025.

71. During the Policy period, Brightline enjoyed the benefit of the insurance coverage First Liberty provided without fairly compensating First Liberty for that insurance coverage.

72. It would be unjust for Brightline to retain the value of the insurance coverage First Liberty provided and for which Brightline did not fully pay First Liberty.

73. By receiving the value of the insurance coverage without paying the corresponding premium for such coverage, Brightline has been unjustly enriched at First Liberty's expense.

74. First Liberty has been damaged in an amount corresponding to that amount by which Brightline has been unjustly enriched.

**WHEREFORE**, Plaintiff First Liberty demands judgment against Brightline as follows:

a. For compensatory damages (premium) and interest;

b. For costs of suit; and

c. For such other and further relief as to the Court may seem just and proper.

## COUNT VIII – UNJUST ENRICHMENT

### (LIC v. BRIGHTLINE)

75. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

76. LIC sues Brightline, in the alternative, for unjust enrichment.

77. LIC provided an Umbrella excess coverage to Brightline from January 31, 2024 through January 31, 2025.

78. During the Policy period, Brightline enjoyed the benefit of the insurance coverage LIC provided without fairly compensating LM Fire for that insurance coverage.

79. It would be unjust for Brightline to retain the value of the insurance coverage LIC provided and for which Brightline did not fully pay LIC.

80. By receiving the value of the insurance coverage without paying the corresponding premium for such coverage, Brightline has been unjustly enriched at LIC's expense.

81. LIC has been damaged in an amount corresponding to that amount by which Brightline has been unjustly enriched.

**WHEREFORE**, Plaintiff LIC demands judgment against Brightline as follows:

    a. For compensatory damages (premium) and interest;

    b. For costs of suit; and

    c. For such other and further relief as to the Court may seem just and proper.

## COUNT IX – QUANTUM MERUIT

## (LM FIRE v. BRIGHTLINE)

82. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

83. LM Fire sues Brightline for the reasonable value of the Business Automobile insurance LM Fire provided to Brightline from January 31, 2024 through January 31, 2025.

84. As set forth herein, the reasonable and unpaid value of that insurance is in excess of $75,000.

**WHEREFORE**, Plaintiff LM Fire demands judgment against Brightline as follows:

    a. For compensatory damages (premium) and interest;

    b. For costs of suit; and

    c. For such other and further relief as to the Court may seem just and proper.

## COUNT X – QUANTUM MERUIT

## (LM FIRE v. BRIGHTLINE)

85. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

86. LM Fire sues Brightline for the reasonable value of the Commercial General Liability insurance LM Fire provided to Brightline from January 31, 2024 through January 31, 2025.

87. As set forth herein, the reasonable and unpaid value of that insurance is in excess of $75,000.

**WHEREFORE**, Plaintiff LM Fire demands judgment against Brightline as follows:

   a. For compensatory damages (premium) and interest;

   b. For costs of suit; and

   c. For such other and further relief as to the Court may seem just and proper.

## COUNT XI – QUANTUM MERUIT

## (FIRST LIBERTY v. BRIGHTLINE)

88. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

89. First Liberty sues Brightline for the reasonable value of the Worker's Compensation insurance First Liberty provided to Brightline from January 31, 2024 through January 31, 2025.

90. As set forth herein, the reasonable and unpaid value of that insurance is in excess of $75,000.

**WHEREFORE**, Plaintiff First Liberty demands judgment against Brightline as follows:

   a. For compensatory damages (premium) and interest;

    b. For costs of suit; and

    c. For such other and further relief as to the Court may seem just and proper.

## COUNT XII – QUANTUM MERUIT

## (LIC v. BRIGHTLINE)

91. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

92. LIC sues Brightline for the reasonable value of the Umbrella insurance LIC provided to Brightline from January 31, 2024 through January 31, 2025.

93. As set forth herein, the reasonable and unpaid value of that insurance is in excess of $30,000.

**WHEREFORE**, Plaintiff LIC demands judgment against Brightline as follows:

    a. For compensatory damages (premium) and interest;

    b. For costs of suit; and

    c. For such other and further relief as to the Court may seem just and proper.

## COUNT XIII – SPECIFIC PERFORMANCE

## (LM FIRE v. BRIGHTLINE)

94. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

95. LM Fire issued the Auto Policy to Brightline.

96. The Auto Policy is a contract.

97. Pursuant to the Auto Policy:

**6. Premium Audit**

    a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we

> determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

98. In order for LM Fire to complete its premium audit to determine the final premium due, Brightline must cooperate and provide the requested documents and information.

99. LM Fire made requests for information to perform the premium audit.

100. Brightline ignored these requests.

101. Pursuant to the insurance policy, Brightline is obligated to provide the requested information.

**WHEREFORE**, Plaintiff LM Fire demands judgment against Brightline compelling them to provide the documents requested to allow the completion of the final premium audit.

## COUNT XIV – SPECIFIC PERFORMANCE

## (LM FIRE v. BRIGHTLINE)

102. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

103. LM Fire issued the CGL Policy to Brightline.

104. The CLG Policy is a contract.

105. Pursuant to the Auto Policy:

> **5. Premium Audit**
>
> a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.
>
> b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit

and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

106. In order for LM Fire to complete its premium audit to determine the final premium due, Brightline must cooperate and provide the requested documents and information.

107. LM Fire made requests for information to perform the premium audit.

108. Brightline ignored these requests.

109. Pursuant to the insurance policy, Brightline is obligated to provide the requested information.

**WHEREFORE**, Plaintiff LM Fire demands judgment against Brightline compelling them to provide the documents requested to allow the completion of the final premium audit.

## COUNT XV – SPECIFIC PERFORMANCE

### (FIRST LIBERTY v. BRIGHTLINE)

110. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

111. First Liberty issued the Comp Policy to Brightline.

112. The Comp Policy is a contract.

113. Pursuant to the Comp Policy:

> **6. Premium Audit**
>
> a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

114. In order for First Liberty to complete its premium audit to determine the final premium due, Brightline must cooperate and provide the requested documents and information.

115. First Liberty made requests for information to perform the premium audit.

116. Brightline ignored these requests.

117. Pursuant to the insurance policy, Brightline is obligated to provide the requested information.

**WHEREFORE**, Plaintiff First Liberty demands judgment against Brightline compelling them to provide the documents requested to allow the completion of the final premium audit.

## COUNT XVI – SPECIFIC PERFORMANCE

## (LIC v. BRIGHTLINE)

118. Plaintiffs repeat and re-allege the preceding allegations in this Complaint as though set forth at length herein.

119. LIC issued the Umbrella Policy to Brightline.

120. The Umbrella Policy is a contract.

121. Pursuant to the Umbrella Policy:

    2. **Premium Audit**

        a. If a rate is shown in the Declarations, the Advance Premium shown in the Declarations is an estimated premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the **first named insured.** If the earned premium is greater than Advance Premium, you will promptly pay us the difference. If the earned premium is less than the Advance Premium, we will return the difference to the **first named insured,** subject to the Minimum Retained Premium, if any, shown in the Declarations, for each twelve months of the **policy period**.

122. In order for LIC to complete its premium audit to determine the final premium due, Brightline must cooperate and provide the requested documents and information.

123.   LIC made requests for information to perform the premium audit.

124.   Brightline ignored these requests.

125.   Pursuant to the insurance policy, Brightline is obligated to provide the requested information.

**WHEREFORE**, Plaintiff LIC demands judgment against Brightline compelling them to provide the documents requested to allow the completion of the final premium audit.

**GOLDBERG SEGALLA LLP**

Date: December 17, 2025        By_____
                               Daniel S. Strick, Esquire
                               Attorney Id. 88381
                               1700 Market Street, Suite 3232
                               Philadelphia, PA 19103
                               Tel: (267) 519-6870
                               dstrick@goldbergsegalla.com
                               *Attorneys for Plaintiffs*